**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Maria Hayden

Plaintiff,

v.

Case No.: 1:26−cv−11610
Honorable Sharon Johnson Coleman

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, September 23, 2026:

MINUTE entry before the Honorable Sharon Johnson Coleman: This case has been assigned to the calendar of Judge Sharon Johnson Coleman. Plaintiff has filed a complaint alleging infringement by 67 defendants. This case follows a pattern common to ";Schedule A" cases where plaintiffs allege that defendants employ similar methods and "work in active concert" to infringe plaintiffs' intellectual property. But experience has shown that not all defendants named in a Schedule A case work together. More importantly, experience has shown that joinder under Fed. R. Civ. P. 19 and 20 is rarely appropriate in Schedule A cases. Accordingly, the Court raises the propriety of joinder and requires the plaintiff to file a supplemental memorandum addressing the propriety of joinder at least 7 days before the filing of the motion for temporary restraining order. Alternatively, by the same date, Plaintiff may file an amended complaint and amended Schedule A reducing the number of defendants. However, if Plaintiff names multiple defendants, Plaintiff must show that joinder of those defendants is proper. The Court directs Plaintiff to this Court's standing order in Schedule A cases regarding joinder on the Court's website. The Seventh Circuit has clarified that establishing personal jurisdiction in Schedule A cases requires that plaintiffs show evidence, for each defendant, of actual sales to Illinois customers and of actual products shipped to Illinois. Liu v. Monthly, No. 25−2074, 2026 WL 880018, at *23 (7th Cir. Mar. 31, 2026). Mere evidence of being willing to ship to Illinois customers is insufficient. Plaintiff may file an amended complaint if additional evidence is needed to establish personal jurisdiction over each Defendant under this standard. Finally, the Seventh Circuit has also ruled that the Hague Convention does not permit service by email to defendants in China. Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., 2026 WL 1502198, at *5 (7th Cir. May 29, 2026). If Plaintiff intends to move to effectuate service via email on defendants located in China, then Plaintiff's motion will need to provide individualized arguments for each such Defendant that the Hague Convention does not apply, supported by details of the good faith effort Plaintiff has taken to ascertain the address of each such defendant. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.